| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

| UNITED STATES OF AMERICA, | |
|---|---|
| - versus - | ORDER<br>98-CR-420 |
| GARTH BRUCE, | |
| Defendant. | |

JOHN GLEESON, United States District Judge:

Petitioner Garth Bruce seeks relief pursuant to Fed. R. Civ. P. 60(b) from my February 24, 2009 order denying his motion under 28 U.S.C. § 2255 to vacate his conviction and sentence.

The motion is based on the Supreme Court's recent decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), which extended the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 489 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") to facts that trigger mandatory minimum sentences. *Alleyne*, 133 S.Ct. at 2155.

The motion is denied. Putting aside its procedural deficiencies and defects, the motion assumes that the drug type and quantity that triggered any mandatory minimums or enhanced maximums in Bruce's case were not determined by the jury at Bruce's 1999 trial. In fact, they were; as noted in my February 24, 2009 order at page 5, even though the trial occurred before *Apprendi* was decided, I submitted special interrogatories to the jury on those issues.

For that and other reasons, *Alleyne* affords Bruce no basis for relief from my order denying his § 2255 motion. Accordingly, his motion is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: September 26, 2013
      Brooklyn, New York